# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                           Case No. 18-3090-01-CR-S-MDH

**CARLOS MEDRANO-RODRIGUEZ,**

                Defendant.

## MOTION FOR DETENTION

The United States of America, by and through Timothy A. Garrison, United States Attorney for the Western District of Missouri, and the undersigned Assistant United States Attorney, respectfully requests that this Court order the detention of the defendant, Carlos Medrano-Rodriguez. In support, the United States offers the following suggestions:

1. An indictment has been filed charging the defendant with having unlawfully re-entered the United States after having been removed, in violation of Title 8, United States Code, Section 1326(a).

2. Title 18, United States Code, Section 3142(f)(2) provides that a hearing shall be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community upon a motion of the attorney for the Government or upon the judicial officer's own motion, when there is a serious risk that the defendant will flee, or when there is a serious risk that the defendant will "obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror."

3. Regarding the defendant's risk of non-appearance, the defendant currently has an immigration detainer that has been lodged with the U.S. Marshal Service. The existence of an ICE detainer by itself is not a categorical, per se basis for detention because the Bail Reform Act creates no per se category of persons who must be detained, absent an individualized inquiry into the person's risk of flight or danger to the community. However, the Court can consider the defendant's status and existence of pending immigration proceedings as information relevant when considering other factors under the Act since they indicate prior noncompliance with federal law and thus are analogous to a prior criminal history. In this regard, the defendant is a citizen of Mexico, not lawfully present in the United States. Further, the defendant has a track record of refusal to conform his conduct to what United States' laws require, as shown by his entering and re-entering the United States without permission. On March 3, 2016, the defendant was ordered deported from the United States to Mexico. The defendant was subsequently deported on or about March 3, 2016, from the United States to Mexico, at or around Hidalgo, Texas.

4. Finally, the evidence of the defendant's guilt is overwhelming. *See* 18 U.S.C. § 3142(g)(2).

Based upon the foregoing, the United States submits that a preponderance of the evidence indicates that there are no conditions the Court could impose that would reasonably assure the

defendant's presence at trial. The Government therefore respectfully requests that a detention hearing be held, and that the defendant be detained pending trial of this matter.

    Respectfully submitted,

    TIMOTHY A. GARRISON
    United States Attorney

By:   */s/ Steven M. Mohlhenrich*
    STEVEN M. MOHLHENRICH
    Assistant United States Attorney

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a copy of the foregoing was delivered on August 23, 2018, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

    */s/ Steven M. Mohlhenrich*
    STEVEN M. MOHLHENRICH
    Assistant United States Attorney